*Thomas E. Ward, for appellant.*

---

THOMAS GREER *v.* JOHN WARBURTON'S EX'R, ET AL.

**Judicial Sale—Purchaser of Real Estate—Estoppel.**

> One who buys real estate subject to a mortgage cannot remain quiet during a sale made as the result of foreclosure until after such sale is confirmed, and then more than eight years after an innocent purchaser has possessed it, have the sale set aside for any technical reason, or for any cause which from the records he knew or ought to have known at the time of the sale.

APPEAL FROM KENTON CIRCUIT COURT.

February 13, 1875.

OPINION BY JUDGE PETERS:

Appellant purchased from Thompson before the 20th of June, 1862, the day on which the judgment was rendered foreclosing the mortgage, and ordering a sale of a sufficiency of the property to satisfy the debt. Many of the facts relied upon in the numerous petitions so often repeated for relief, were known to him before the final judgment was rendered; and if they were not all known to him, he was ignorant of them from a failure to use proper and reasonable diligence.

He purchased a part of the property sold at the judicial sale; that sale was confirmed more than three months afterwards by appellant's sanction, as must be presumed, because he accepted a conveyance of the property purchased by him at that sale, and the same is still held under it.

Perrin's directions to the master as to the manner of making the

sale, were conformable to the law on the subject, while if he had pursued those proposed by appellant, he would have done so in violation of law; but even if it were not so, it is difficult to perceive how appellant is prejudiced thereby. His purchase from Thompson was subject to the mortgage incumbrance; and if the estates sold in Covington had brought less than the debt for which it was mortgaged, the estate in Cincinnati, which was also mortgaged to secure the same debt, must have been sold, but as a part only of the Covington property was sold for enough to pay the debt, appellant got under his purchase from Thompson the unsold property in Covington, and the house and lot in Cincinnati.

As to the unpropitious time for making the sale on account of the depressed prices of property growing out of the war, the purchasers of the property were not parties to the suit, and they were not instrumental in procuring the sale; besides, appellant had purchased from Thompson only a short time before the judgment for the sale was rendered. He made, as appears, a most advantageous purchase; and it may be that he would not be willing, on account of the depressed prices then growing out of the war, to give up his purchase.

But having purchased before the judgment of foreclosure and sale, and having notice of the pendency of the suit, if it was improper from any cause to make the sale, he should have asked to be permitted to come into the suit, and then make his objection; but he stood by and saw the sale made, and the purchases confirmed to the best and highest bidders, without exception or complaint for nearly eight years after the property has changed owners, and perhaps risen in value considerably, and then seeks to increase his speculation at the expense of innocent purchasers for value.

Wallace, the commissioner, proves that the original deed or mortgage was in the papers of the suit when he made the sale. All the objections to the deed on account of interlineations and erasures were known, or ought to have been known, then and before appellant made his purchase in Chicago. He resided in Covington, the muniments of Thompson's title were all where he resided, the original mortgage was in the last-named city in the records of the court. We must presume that before he made the purchase he examined into his vendor's title, and made himself thoroughly acquainted with it; and if he did not, he should not be permitted to throw the consequences of his own laches on innocent holders.

Moreover, it is not and cannot be controverted that Thompson

owed the debt to Warburton's executors; when or under what circumstances the alterations in the deed complained of were made, is not satisfactorily shown. The preponderance of the evidence is that the deed was twice acknowledged by the grantors, and that it was acknowledged in the condition it was in when the judgment was rendered for a foreclosure of the mortgage.

In any view of the case, therefore, the judgment must be *affirmed.*

*Carlisle & Foote, for appellant.*
*Benton & Benton, for appellees.*